**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Gabriel TORRES–VERDUZCO,
Defendant–Appellant.**

**No. 11–10496.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 22, 2013.

Monte Cress Clausen, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roberto Salazar, Salazar Law Firm PLLC, Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument; therefore, Torres–Verduzco's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM ***

Juan Gabriel Torres–Verduzco appeals from the district court's judgment and challenges the 64–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Torres–Verduzco contends that the district court failed to consider the 18 U.S.C. § 3553(a) factors other than the Guidelines and failed to explain the reasons for the sentence imposed. We review for plain error. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010). We need not decide whether the district court erred because Torres–Verduzco has not demonstrated a reasonable likelihood that his sentence, which was thirteen months below the advisory Guidelines range calculated prior to the court's departure, would have been different absent the alleged errors. *See United States v. Waknine,* 543 F.3d 546, 553 (9th Cir.2008).

Torres–Verduzco also contends that his sentence is substantively unreasonable. We generally do not consider arguments raised for the first time in a reply brief, *see United States v. Mejia–Pimental,* 477 F.3d 1100, 1105 n. 9 (9th Cir.2007), but the record makes clear, in any event, that the 64–month sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Torres–Verduzco's criminal and immigration history. *See Gall v. United*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Torres–Verduzco also argues that he received ineffective assistance of counsel at sentencing. We decline to reach this claim on direct appeal. *See United States v. Rahman,* 642 F.3d 1257, 1259–60 (9th Cir. 2011).

**AFFIRMED.**